PEOPLE, PLAINTIFF AND APPELLEE, *v.* MERCADO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Violation of Section 2 of the Labor Act.

No. 1582.—Decided January 31, 1921.

LABOR—THREATS TO PREVENT WORK—COMPLAINT.—A complaint for a violation of

section 2 of the Labor Act of March 1, 1902, wherein it is alleged that the threats of the defendant caused forty laborers to abandon their work, in the absence of a specific objection sufficiently alleges the object of the threats, for it describes that the threats were made with the object of preventing the workmen from freely pursuing their employment and is therefore in accordance with the statute. The omission of the names of the forty workmen does not make the complaint bad, but is merely a defect which should have been objected to by motion or otherwise before the trial.

The facts are stated in the opinion.

*Messrs. C. Travecier* and *J. Soto Rivera* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The complaint in this case is as follows:

"I, Antonio Dávila, District Chief of Insular Police, of age and residing at Telégrafo Street in Gurabo, charge Ramón Mercado with violating section 2 of the Labor Act of March 1, 1902, in that at 7.30 a. m. on April 22, 1920, in the ward of Hato Nuevo of Gurabo, P. R., of the judicial district of the justice of the peace court of Gurabo, which forms part of the Judicial District of Humacao, P. R., said defendant wilfully, maliciously and unlawfully violated section 2 of the Labor Act passed by the Legislative Assembly of Porto Rico on March 1, 1902, in that, while on the way to the Buena Vista plantation in the ward of Hato Nuevo of Gurabo at a time when sixty cane cutters were at work, he threatened said laborers and incited them to go on strike, saying that any one who failed to do so and continued to work would be doomed (*sentenciado*) to die, all of which threats he made in a loud voice and with violent gestures, thereby causing forty of the laborers there to abandon their work and escape through the cane tract, all of the foregoing being contrary to the law in such case made and provided."

None of the evidence was certified, so that the sufficiency of the complaint is the only matter involved. The principal question presented by the appellant is whether the object of the threat was sufficiently set forth in the said complaint. He maintains that force or threats might have been used if the object was not the one denounced by the statute.

The complaint says that the threats gave rise to the abandonment of the work which, in the absence of a more spe-

cific objection, sufficiently describes that the threats were made "with the object of preventing them (the workmen) from freely pursuing their employment," as defined in the law of March 1, 1902. Revised Statutes, section 554.

The other question presented on appeal was that the complaint does not set forth the names of the persons who quit their work. There was a mention of forty persons in the complaint and the objection that their names were not given does not make the complaint bad in substance, but merely defective. The way to reach this was by motion or otherwise before trial, as pointed out in *People* v. *Paris,* 25 P. R. R. 103.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices Del Toro, Aldrey and Hutchison concurred.